**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | |
|---|---|
| **JOHN JOSEPH HAHN, 1273331,** ) | |
| Petitioner, ) | |
| ) | |
| v. ) | No. 3:09-CV-1738-M |
| ) | |
| **RICK THALER, Director, Texas** ) | |
| **Department of Criminal Justice,** ) | |
| **Correctional Institutions Division,** ) | |
| Respondent. ) | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION**
**OF THE UNITED STATES MAGISTRATE JUDGE**

This case has been referred to the United States Magistrate Judge pursuant to 28 U.S.C. § 636(b) and a standing order of reference from the district court. The Findings, Conclusions and Recommendation of the Magistrate Judge follow:

**FINDINGS AND CONCLUSIONS**:

**I.   Parties**

Petitioner is an inmate in the Texas Department of Criminal Justice, Institutional Division (TDCJ-CID). He brings this petition for habeas corpus relief pursuant to 28 U.S.C. § 2254. Respondent is Rick Thaler, Director of TDCJ-CID.

**II.   Background**

On February 17, 2006, Petitioner was convicted of the felony offense of indecency with a child. In addition, the court found a prior conviction for enhancement and sentenced Petitioner to life imprisonment. *State of Texas v. John Joseph Hahn*, No. F-05-24332-UN (195th Jud. Dist. Ct.,

Dallas County, Tex., Feb. 17, 2006). On February 22, 2007, Petitioner's conviction and sentence were affirmed on direct appeal. *Hahn v. State*, No. 05-06-00366-CR (Tex. App. – Dallas, Feb. 22, 2007). On August 22, 2007, the Texas Court of Criminal Appeals refused Petitioner's petition for discretionary review. *Hahn v. State*, PD-0578-07.

On October 3, 2008, Petitioner filed a state habeas petition. *Ex parte Hahn*, No. 71,628-01. On March 11, 2009, the Texas Court of Criminal Appeals dismissed the petition for noncompliance with Rule 73.1 of the Texas Rules of Appellate Procedure. On April 9, 2009, Petitioner filed a second state petition for writ of habeas corpus. *Ex parte Hahn*, No. 71,628-02 . The appeals court denied that petition without written order on May 6, 2009.

On August 7, 2009, Petitioner filed this federal petition for habeas relief. Petitioner alleges that counsel provided constitutionally ineffective assistance by failing to object that the pen packet introduced for purposes of enhancing his sentence was not properly authenticated.

On November 23, 2009, Respondent filed its original answer seeking dismissal because the petition is barred by the statute of limitations. *See* 28 U.S.C. § 2244(d)(1). Petitioner neither filed a response to Respondent's request for dismissal nor sought equitable tolling of the limitation period.

## II.    Discussion

### A.    Statute of Limitations

Petitioner filed his § 2254 petition after April 24, 1996, the effective date of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA). Therefore, the AEDPA governs the present petition. *See Lindh v. Murphy*, 521 U.S. 320 (1997). The AEDPA establishes a one-year

statute of limitations for federal habeas proceedings. *See* Antiterrorism and Effective Death Penalty Act, Pub.L. 104-132, 110 Stat. 1214 (1996).

In most cases, the limitations period begins to run when the judgment becomes final after direct appeal or the time for seeking such review has expired. 28 U.S.C. § 2244(d)(1)(A).[1] The time during which a properly filed application for state post-conviction or other collateral review is pending is excluded from the limitation period. *See* § 2244(d)(2). The AEDPA statute of limitations is also subject to equitable tolling in "rare and exceptional" circumstances. *Holland v. Florida*, ___ U.S. ___, 130 S. Ct. 2549, 2560 (2010).

The Fifth District Court of Appeals affirmed Petitioner's conviction on February 22, 2007. On August 22, 2007, the Texas Court of Criminal Appeals refused the petition for discretionary review. The deadline for filing a petition for writ of certiorari to the United States Supreme Court

---

[1] The statute provides that the limitations period shall run from the latest of--

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking direct review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).

expired ninety days later, and Petitioner had not filed a petition for writ of certiorari. Therefore, his conviction became final on November 20, 2007. *See* Sup. Ct. R. 13; *see also Roberts v. Cockrell* 319 F.3d 690, 694-95 (5th Cir. 2003) (state conviction becomes final for limitations purposes when time for seeking further direct review expires). Petitioner then had one year, or until November 19, 2008, to file his federal petition. Petitioner filed his federal petition on July 17, 2009 after the limitation period expired.

Statutory tolling during state post-conviction relief was not available to Petitioner because his October 3, 2008 application for state post-conviction review was procedurally defective under Rule 73.1 of the Texas Rules of Appellate Procedure.[2] *See Torres v. Thaler*, No. 3:09-cv-1817-B, 2010 WL 624134 at *2 (N.D. Tex. Feb. 22, 2010) (citing *Davis v. Quarterman*, 342 Fed. Appx. 952 (5th Cir. 2009), cert. denied, No. 09-7570 (Jan 19, 2010) (state writ dismissed pursuant to TEX. R. APP. P. 73.1 was not "properly filed" within the meaning of § 2244(d)(1)(A) and did not toll AEDPA statute of limitations). Petitioner's improperly filed petition remained pending until March 11, 2009, a total of 159 days; however, the statute of limitations was not tolled during that period. *See* 28 U.S.C. § 2244 (d)(2). The federal limitation period had expired on November 19, 2008, 141 days before Petitioner filed his second state habeas petition on April 9, 2009. The federal petition should be dismissed unless Petitioner has shown that he is entitled to equitable tolling of the limitation period.

## B. Equitable Tolling

---

[2] The rule requires that an applicant for state habeas relief use a form petition and that the petition contain all of an applicant's grounds for relief and supporting facts. TEX. CRIM. APP. P. 73.1 (Vernon 2007); *see Ex parte Blacklock*, 191 S.W.3d 718, 719 (Tex. Crim. App. 2006) (dismissing as noncompliant a habeas petition that did not list the grounds and facts on the form).

**Findings, Conclusions and Recommendation**
**of the United States Magistrate Judge**      Page -4-

The one-year limitation period is subject to equitable tolling in "rare and exceptional cases." *Davis v. Johnson*, 158 F.3d 806, 811 (5th Cir. 1998); *see also Fisher v. Johnson*, 174 F.3d 710, 713 (5th Cir.1999) (asserting that courts must "examine each case on its facts to determine whether it presents sufficiently 'rare and exceptional circumstances' to justify equitable tolling" (quoting *Davis*, 158 F.3d at 811)).  The Fifth Circuit has held that "'[e]quitable tolling applies principally where the plaintiff is actively misled by the defendant about the cause of action or is prevented in some extraordinary way from asserting his rights.'" *Coleman v. Johnson*, 184 F.3d 398, 402 (5th Cir.1999) (quoting *Rashidi v. American President Lines*, 96 F.3d 124, 128 (5th Cir.1996)). Petitioner bears the burden of proof to show he is entitled to equitable tolling. *Phillips v. Donnelly*, 216 F.3d 508, 511 (5th Cir. 2000).

In this case, Petitioner has not even argued that he is entitled to equitable tolling. Petitioner has failed to show rare and exceptional circumstances justifying equitable tolling in this case.

**RECOMMENDATION**:

The Court recommends that the petition for a writ of habeas corpus be dismissed with prejudice as barred by the one-year statute of limitations. *See* 28 U.S.C. §2244(d).

Signed this 29th day of November, 2011.

**PAUL D. STICKNEY**
**UNITED STATES MAGISTRATE JUDGE**

# INSTRUCTIONS FOR SERVICE AND
# NOTICE OF RIGHT TO OBJECT

A copy of this report and recommendation shall be served on all parties in the manner provided by law.  Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy.  *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b).  In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found.  An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific.  Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error.  *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).